IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GARY DEWAYNE MEACHUM, SR., ) <br> ) <br> Defendant. ) <br> ) | Criminal Action <br> No. 07-10053-01-WEB |

**Memorandum and Order**

This matter came before the court on May 24, 2007, for a hearing on the defendant's Motion for Review of the Magistrate's Detention Order. At the conclusion of the hearing, the court orally denied the defendant's request to vacate the prior order and directed that the defendant be detained pending trial. This written memorandum will supplement the court's oral ruling.

I. *Background.*

On a motion for review under 18 U.S.C. § 3145, the district court conducts a de novo review of the Magistrate's order, meaning the district court conducts its own determination of the facts. *See United States v. Romo-Sanchez*, 170 F.Supp.2d 1127, 1128 (D. Kan. 2001) (the district court must ultimately decide the propriety of detention). The court has discretion in determining whether to take additional evidence or to rely on the record of the earlier hearing. *See United States v. Frietas*, 602 F.Supp. 1283, 1293 (D.Cal. 1985).

Under the Bail Reform Act, a person may be detained pending trial only if the court finds, after a hearing, that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. The Government bears the burden of demonstrating these facts. *See* 18 U.S.C. § 3142(e)&(f). In determining whether this

burden has been met, the court must take into account the available information concerning the factors listed in § 3142(g), including: the nature and circumstances of the offense charged, including whether the offense is a crime of violence; the weight of the evidence against the person; the history and characteristics of the person (including any criminal history, family ties, employment, history of drug or alcohol abuse, and ties to the community), and the nature and seriousness of the danger posed by the person's release. *Id*. *See also United States v. Salerno*, 481 U.S. 739 (1987).

II.  *Discussion*.

The defendant is charged by way of Indictment with four counts of unlawful possession of unregistered destructive devices, and one count of aiding and abetting arson.  The arson count involves the alleged destruction of a neighbor's mail box by means of fire and explosive.

In his motion, the defendant points out that the charged offenses allegedly took place in February of 2005, and he says he has lived at his current residence without incident or violation of the law since that time.  The defendant also states that his finacee, Sharon Powell, and his mother, Norma Meacham, are both supportive of his release.  The defendant argues that he is not a flight risk or a danger to the community and should be released pending trial.

After considering the defendant's arguments at the May 24 hearing, as well as the Government's response thereto, the court concludes that the defendant's request for release on conditions should be denied.  Among other things, the court notes the following:

- the defendant has a history of violent or dangerous behavior, including prior convictions for assault, and for harassment and battery of a law enforcement officer;

- the offenses charged in the instant indictment relate to conduct posing a potentially serious threat to the safety of others;

- according to the Pretrial Services Report, the defendant initially reported that he owns property in North Carolina but he refused to disclose its location;

- at the time of the defendant's arrest, eight firearms were found in his home, including five that were loaded with a round in the chamber; and

- as the Magistrate noted, the defendant resides in a remote location that makes effective supervision problematic.

Taking into account all of the circumstances, the court finds the Government has met its burden of showing that no condition or combination of conditions will reasonably assure the defendant's appearance and the safety of the community.

III. *Conclusion.*

Defendant's Motion for Review of the Magistrate's Order of Detention (Doc.12) is DENIED. The Order of Detention previously entered in this case remains in effect. The defendant is hereby committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED this __25th__ Day of May, 2007, at Wichita, Ks.

                                              s/Wesley E. Brown
                                              Wesley E. Brown
                                              U.S. Senior District Judge