IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-10053-01 |
| ) | |
| GARY DEWAYNE MEACHAM, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum and Order**

This matter came before the court on October 19, 2007, for a hearing on defendant's motion for leave to file a motion for new trial out of time, and his motion for a trial transcript. The court orally granted the motions at the October 19th hearing. This written memorandum will supplement the court's oral ruling.

I. *Motion for Leave to File Out of Time*.

On March 6, 2007, Defendant Gary Meacham was charged by Indictment with four counts of unlawful possession of destructive devices and one count of arson. Doc. 1. Assistant Federal Public Defender Steve Gradert was appointed to represent the defendant. Doc. 2. Mr. Gradert filed several motions in pre-trial proceedings, including a Motion for Review of Detention, a Motion for Discovery, and a Motion to Suppress Evidence. The court ultimately denied the motions. The matter proceeded to trial, and on August 8, 2007, a jury found the defendant guilty on all counts of a superseding indictment. The court initially scheduled the sentencing for October 22, 2007.

On September 5, 2007, Mr. Gradert filed a motion to withdraw, alleging that the

attorney-client relationship had deteriorated to such an extent that new counsel should be appointed. Doc. 34. The motion offered several reasons for the deterioration, including an assertion that counsel and the defendant had disagreed on the necessity of a motion for new trial. The court granted the motion on September 17, 2007, and appointed CJA Panel Member David Moses to represent the defendant.

On October 3, 2007, Mr. Moses filed a motion for leave to file out of time a Motion for New Trial. Doc. 38. This motion alleges that immediately after the verdict, the defendant asked Mr. Gradert to file a motion for new trial, but Mr. Gradert refused because he believed such a motion would not be successful. The motion alleges that Mr. Gradert had no contact with the defendant since the jury returned its verdict, although Mr. Moses clarified at the hearing that the defendant was actually claiming he and Mr. Gradert had only minimal contact after the verdict. Defendant claims he was effectively without counsel from the time the verdict was returned until new counsel was appointed, and he argues this constitutes excusable neglect warranting an extension of time to file a motion for new trial. *See* Fed.R.Crim.P. 45(b)(1)(B). The Government opposes the motion, arguing that Mr. Gradert had no obligation to file a frivolous motion, and that the defendant has not shown excusable neglect.

Rule 33 provides that a motion for new trial based on any grounds other than newly discovered evidence must be filed within 7 days after the verdict. Under Rule 45(b), the court may extend the time for such a motion if the defendant failed to file it within the time period because of excusable neglect. The "excusable neglect" determination is equitable in nature, requiring the court to consider a number of factors, including: 1) the danger of prejudice to the nonmoving party, 2) the length of the delay and its potential impact on judicial proceedings, 3)

the reason for the delay, including whether it was within the reasonable control of the movant, and 4) whether the movant acted in good faith. *See United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (*citing Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 395 (1993)).

The Court granted Mr. Gradert's request to withdraw based upon his representation that the attorney-client relationship had broken down after the jury returned its verdict. It appears that part of the reason for the breakdown was a disagreement between counsel and the defendant as to whether a motion for new trial should be filed. After considering the circumstances, the court will grant the defendant an extension of time to file a Motion for New Trial. The court finds the Government will suffer no prejudice from the extension, and the defendant has not unduly delayed in making his request. An extension will not have a significant adverse impact on the judicial proceedings. The court notes the defendant's allegation that Mr. Gradert refused to file a motion for new trial.[1] Such an allegation alone shows no wrongdoing on counsel's part; attorneys have an obligation not to clog the courts with motions that are legally frivolous. Regardless of the precise reasons the motion was not filed, however, the court concludes that the record shows sufficient reason to grant an extension. *Cf. United States v. Moses*, 2006 WL 581191 (D. Idaho, Mar. 8, 2006) (evidentiary hearing into allegations was unnecessary). The acknowledged breakdown in communication, and the need for replacement counsel to be appointed, provides a sufficient reason to grant an extension. In so finding, the court makes no determination as to who was to blame for the breakdown. Regardless of the precise cause or

---

[1] The court also notes that Mr. Gradert's motion alleged that after the verdict, the defendant's tone was angry and harsh and the defendant refused to speak to counsel or to the Probation Office. In view of the above ruling on the instant motion, the court concludes that it need not delve further into the allegations at this point.

causes of the situation, the court finds that a short extension of time is warranted.

      II. *Conclusion*.

Defendant's Motion for Leave to File Out of Time (Doc. 38) is GRANTED. Additionally, Defendant's Motion for Order for Trial Transcript is GRANTED. Defendant shall have 7 days following receipt of the trial transcript to file a motion for new trial. IT IS SO ORDERED this   24th   Day of October, 2007, at Wichita, Ks.

                                          s/Wesley E. Brown
                                          Wesley E. Brown
                                          U.S. Senior District Judge