IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  07-10053-01-WEB |
| ) | |
| GARY DEWAYNE MEACHAM, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**<u>Memorandum and Order</u>**

This matter came before the court on the defendant's objections to the Presentence Report and his motion for downward departure.  The court ruled orally on these matters at the sentencing hearing of March 18, 2008.  This written memorandum will supplement the court's oral ruling.

At the outset of the March 18th sentencing hearing, the defendant engaged in a somewhat animated conversation with his court-appointed attorney, Mr. Moses, after which Mr. Moses informed the court the defendant had expressed a desire to fire him.  Upon inquiry from the court, defendant informed the court that the primary source of his discontent was the representation he received at trial from his former counsel and the fact that defendant considered his trial to be unfair.  The court informed the defendant that those issues had been dealt with in the court's order denying his motion for new trial and would not be re-visited at the sentencing hearing, although the defendant could raise such issues on appeal.  The court then granted a request by the defense for a recess so the defendant and his counsel could confer, after which the hearing reconvened and defendant informed the court that he wished Mr. Moses to remain as his

counsel.

    I. *Objections*.

    1. <u>Victim conduct</u>.  Defendant's first objection asserts that the victim of the offense, Tony Bishop, "had a history of violence toward Defendant," and that such conduct warrants a departure under USSG 5K2.10.

The evidence at trial showed that the defendant and Mr. Bishop had a fight a few months before the defendant directed his son to blow up Bishop's mail box with a homemade destructive device.  The court finds that Bishop's conduct provides no grounds for a departure.  There has been no persuasive showing that Bishop's conduct was wrongful or that it "contributed significantly to provoking the offense."  Moreover, under the evidence presented the defendant's actions were clearly disproportionate to any provocation arising from a one-time fight with Bishop. *Cf. United States v. Mussayek*, 338 F.3d 245, 255-56 (3rd Cir. 2003) (noting that an extended course of misconduct or harassment by a victim may "goad" a defendant to act).

    2. <u>Enhancement for offense involving 8-24 firearms</u>.  Defendant next objects to the 4-level enhancement in 2K2.1(b)(1)(B) for an offense involving between 8 and 24 firearms.  The PSR applied the enhancement based upon the destructive devices underlying Counts 1-5 and based upon several guns found inside the defendant's residence.  Defendant notes he did not admit to possessing any of the guns in his residence and contends that none of the guns were used in the offense.

Section 1B1.3 of the guidelines defines relevant conduct to include all acts of the defendant that occurred during the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.  With respect to

offenses that would be grouped under Section 3D1.2(d) – including offenses covered by Section 2K2.1 – it includes any such acts that were part of the same course of conduct or common scheme or plan as the offense of conviction. Finally, relevant conduct includes "any other information specified in the applicable guideline."

The defendant's possession of the guns found in his residence constitutes relevant conduct under at least one and perhaps all of the foregoing categories. The defendant was convicted of possessing four firearms (destructive devices) and of using a fifth to blow up the mail box. As the Government showed at the sentencing hearing, numerous other firearms were found in his residence within a few days of the mail box incident. The circumstances strongly indicate the defendant was in constructive possession of these firearms. Because the defendant had a prior misdemeanor conviction for domestic violence and is a "prohibited person,"[1] his possession of these firearms was unlawful under 18 U.S.C. § 922(g)(9). Also, such offenses would be grouped with the offense of conviction inasmuch as they formed part of the same course of conduct. Finally, the notes to Section 2K2.1 specifically provide that for purposes of calculating the number of firearms involved in the offense, "count only those firearms that were ... unlawfully possessed, ..." App. Note 5. For these reasons, the court finds the objection to the enhancement should be denied.

3. *Double-counting*. Defendant next argues that application of the enhancement in subsection (b)(1)(B) of 2K2.1 is "duplicitous" because the possession of firearms is already addressed in the base offense level. He also contends the enhancement overstates the seriousness of the offense and results in punishment greater than necessary to achieve the

---

[1] Defendant has not challenged these assertions in the PSR.

purposes of sentencing. He similarly objects to the 2-level enhancement for a destructive device under subsection (b)(3)(B) and the 4-level enhancement under subsection (b)(6).

Impermissible "double counting" or cumulative sentencing occurs when the same conduct on the part of the defendant is used to support increases under separate enhancement provisions which necessarily overlap, are indistinct, and serve identical purposes. *See United States v. Checora*, 175 F.3d 782, 794 (10th Cir.1999). The application of the enhancements at issue do not fall in that category. As noted in *United States v. McCarty*, 475 F.3d 39 (1st Cir. 2007), guideline provisions often rely upon the same underlying facts but account for different sentencing concerns. In this instance, the base offense level applies to all types of "firearms" under the National Firearms Act, but the enhancement in subsection (b)(3) applies specifically to destructive devices and is intended to reflect the greater danger to the public from such devices. Application Note 7 explains that both the base level and the enhancement are to be applied in such cases. The enhancement in subsection (b)(1) also serves a purpose separate from the base level, because it reflects the increased danger from unlawfully possessing a large number of firearms. Finally, subsection (b)(6) serves a separate purpose because it provides extra punishment when the defendant does not merely possess a destructive device, but also uses it to commit another offense. *See United States v. Eaton*, 260 F.3d 1232, (10th Cir. 2001). The court finds that application of these enhancements does not "double count" the defendant's offense conduct or overstate the seriousness of the offense.

    4. *Acceptance of Responsibility*. Defendant argues that the failure to grant a reduction for "acceptance of responsibility" punishes him for exercising his right not to testify and violates his right to equal protection and due process. The court rejects these arguments. Aside from the

4

fact that the defendant has never accepted responsibility for these offenses, the law is well-established that denying the reduction in these circumstances does not violate a defendant's fifth amendment right to remain silent, the right to due process, or the right to equal protection. *United States v. Gordon*, 4 F.3d 1567 (10th Cir. 1993); *United States v. Patterson*, 472 F.3d 767 (10th Cir. 2006); *United States v. Jiles*, 259 F.3d 477 (6th Cir. 2001).

     5. *Section 3553(a) factors*. Lastly, defendant argues that under the factors in Section 3553, the advisory guideline range of 135-168 months is greater than necessary to accomplish the purposes of sentencing. He argues the court should impose a sentence of 60 months, which is the mandatory minimum sentence under 18 U.S.C. § § 844(I). The Government argues that a sentence within the advisory guideline range is appropriate.

     Section 3553(a) provides in part that the court shall impose a sentence sufficient, but not greater than necessary, to comply with the following purposes: -the need for the sentence imposed-(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. In doing so, the court must consider the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the purposes of sentencing set forth above; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the offense under the applicable sentencing guidelines; (5) any pertinent policy statement issued by the Sentencing Commission (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been

5

found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

After considering these factors in light of the evidence and information before the court, the court finds that a sentence of 120 months, concurrent on all counts, is sufficient but not greater than necessary to comply with the purposes of sentencing.  This sentence will reflect the seriousness of the offense, provide adequate deterrence, protect the public, and avoid unwarranted disparities among other defendants convicted of similar offenses.  The court notes that the defendant has some prior history of violent behavior, and the circumstances of the instant offense created a risk of serious potential harm to others.  The defendant also involved his minor son in the offense.  These factors weigh in favor of a substantial sentence.  The court also recognizes that no one was injured as a result of the offense and that the defendant's prior criminal history is relatively limited.  Under the circumstances, the court concludes that the sentence of 120 months' custody, together with the other terms and conditions stated at the sentencing hearing, represents an appropriate sentence under the factors in Section 3553(a).

II. *Conclusion*.

Defendant's objections to the Presentence Report are DENIED.  Defendant's Motion for Departure or Variance (Doc. 52) is GRANTED IN PART and DENIED IN PART as set forth above. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this   19th   Day of March, 2008, at Wichita, Ks.

> s/Wesley E. Brown
> Wesley E. Brown
> U.S. Senior District Judge