IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  07-10053 |
| ) | |
| GARY DEWAYNE MEACHAM, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum and Order**

This matter came before the court on September 18, 2009, for a hearing on defendant's Supplemental Motion for Downward Departure (Doc. 82) and for re-sentencing.  This written memorandum will supplement the oral rulings made by the court at the hearing.

I.  *Background*.

In August of 2007, defendant Gary Dewayne Meacham was convicted by a jury on four counts of unlawful possession of destructive devices, in violation of 26 U.S.C. § 5861(d), and one count of aiding and abetting arson, in violation of 18 U.S.C. §§ 844(i) and 2.  Doc. 30.  The court sentenced him on March 18, 2008, to a term of 120 months' imprisonment.  Doc. 57.  The defendant appealed, and on June 23, 2009, the Tenth Circuit Court of Appeals remanded the case for re-sentencing.  The circuit found that the defendant's prior conviction for Domestic Battery (PSR ¶37) did not constitute a "crime of domestic violence" within the meaning of 18 U.S.C. § 921(a)(33), and, as such, should not have given rise to certain enhancements in the guideline

offense level.[1]  The circuit found that "[t]he correct total offense level should have been 28, not 32," and that "the correct advisory Guidelines range was 87-108 months, not 135-168 months." Doc. 80.

Upon remand, a revised Presentence Report was prepared and disclosed to the parties. Neither party filed any objections to the Report, although defense counsel filed a motion that reasserted several objections that were made by the defendant at the original sentencing.  Those objections or arguments included assertions that the victim of the offense had a history of violence towards the defendant; that the enhancements in the corrected offense level are duplicitous or greater than necessary to reflect the seriousness of the offense; and that the denial of any reduction for acceptance of responsibility violates the defendant's constitutional rights. The motion argued the court should impose a sentence of no more than 76 months, which would be a downward variance proportional to the one previously issued by the court, and that a lesser sentence was warranted under the facts presented.  Doc. 82 at 4.

II.  *Discussion*.

To the extent the defendant has reasserted some of the same objections made in the initial sentencing proceeding concerning the alleged violence of the victim, the "double-counting" of enhancements under the guidelines, and the denial of a reduction for acceptance of responsibility, the court denies those objections for the reasons stated in its order of March 19, 2008.  *See* Doc. 56.  The court finds that the total offense level (28) and the advisory guideline

---

[1] The Circuit found that because the prior conviction did not qualify as a misdemeanor crime of domestic violence, the defendant was not a "prohibited person," and his base offense level under USSG 2K2.1 should have been 18 rather than 20.  Additionally, only five firearms should have been counted under 2K2.1(b)(1), such that a 2-level enhancement should be applied rather than the 4-level enhancement applied by the court.

range (87-108 months) have been correctly and appropriately calculated under the guidelines.

Section 3553(a) provides in part that the court shall impose a sentence sufficient, but not greater than necessary, to comply with the following purposes:-the need for the sentence imposed-(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  In doing so, the court must consider the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the purposes of sentencing set forth above; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the offense under the applicable sentencing guidelines; (5) any pertinent policy statement issued by the Sentencing Commission (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

After considering these factors in the instant case, the court concludes that a sentence of 76 months imprisonment, together with the other conditions stated by the court at the sentencing hearing, represents a sentence sufficient but not greater than necessary to serve the purposes of sentencing.  The defendant's history and the circumstances of the offense, including the defendant's use of his minor son to commit the arson offense, warrant a sentence above the mandatory minimum sentence of 5 years.  But the defendant's actions were not intended to cause bodily harm, and the defendant has limited criminal history under the guidelines and no history

of similar conduct.  The court concludes that the sentence indicated is appropriate under Section 3553(a).

III.  *Conclusion*.

The defendant's objections to the Presentence Report are DENIED.  Defendant's Motion for a Lower Sentence (Doc. 82) is GRANTED IN PART as set forth above. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this  18th  day of September, 2009, at Wichita, Ks.

                                          s/Wesley E. Brown
                                          Wesley E. Brown
                                          U.S. Senior District Judge